**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nicol A. Ybarra, | No. CV-20-00003-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Buckeye Police Department, et al., | |
| Defendants. | |

On January 2, 2020, pro se Plaintiff filed the complaint (Doc. 1) and an application to proceed in forma pauperis (Doc. 2.) On January 6, 2020, the Court granted the application and screened the complaint pursuant to 28 U.S.C. § 1915(e)(2). (Doc. 6.) The Court concluded that Plaintiff failed to plead facts establishing that the Court had subject-matter jurisdiction and failed to plead facts establishing the conduct that gave rise to a cause of action—that is, what happened and when. (Doc. 6 at 3.)

The Court granted Plaintiff leave to amend and ordered that the first amended complaint ("FAC") must (1) "adhere to all portions of Rule 7.1 of the Local Rules of Civil Procedure ("LRCiv")" (2) "satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure," (3) "contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of each specific claim asserted against each Defendant, and a good faith demand for the relief sought," (4) set forth all pleading requirements "in separate and discrete numbered paragraphs," in which each allegation is "simple, concise, and direct." (Doc. 6 at 3-4.)

The Court warned Plaintiff that if the FAC failed to comply with the Court's instructions explained in the order, "the action may be dismissed pursuant to 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure" and cautioned Plaintiff that because the Court had given specific guidance regarding the deficiencies in the complaint and the requirements for fixing those deficiencies, "the Court is not inclined to grant Plaintiff leave to file another amended complaint if the [FAC] is found to be deficient." (Doc. 6 at 4.) The Court directed Plaintiff to become familiar with the local and federal rules and reminded Plaintiff "that the Federal Court Self-Service Clinic provides free civil legal help to self-represented litigants." *Id.*

On January 22, 2020, Plaintiff filed the FAC. (Doc. 7.) The FAC again does not cite any federal law or otherwise allege facts that would establish that the Court has subject-matter jurisdiction. Nor does it allege when the alleged conduct occurred. Nor does it set forth its allegations "in separate and discrete numbered paragraphs" or otherwise follow the Court's instructions regarding following the federal and local rules.

The Court will therefore dismiss this action without leave to amend for lack of subject-matter jurisdiction, for failure to state a claim pursuant to 28 U.S.C. § 1915(e), and under Rule 41(b) for failure to comply with the Court's order and with federal and local rules.

Accordingly,

**IT IS ORDERED** that the FAC (Doc. 7) is dismissed without leave to amend. The Clerk of Court shall terminate the action.

Dated this 20th day of February, 2020.

Dominic W. Lanza
United States District Judge